*221 OPINION.
Teusselu :
With reference to the K. T. B. Realty Corporation and the 630 Park Avenue Co., Inc., the Board is without jurisdiction to *222 determine their tax liability for any of the years here in question for the Commissioner has asserted no additional tax against them. However, for the purposes of this appeal, and for the sole purpose of determining whether a certain group of corporations were affiliated during the years 1918, 1919, and 1920, and further, the two corporations and the parties to this proceeding having consented thereto, the Board will join the two above-named corporations in this proceeding for the purpose of making a clear record of the transactions and facts involved.
The question before us is whether the eight corporations, whose names are set out in the findings of fact, were during the years 1918, 1919, and 1920, affiliated within the meaning of section 240(b) of the Revenue Act of 1918, which provides: 1
For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
It is apparent from the findings of fact that J. E. R. Carpenter, his relatives and Francis R. Mayer constituted the same interests. Each of the five individuals, J. E. R. Carpenter; Mrs. M. S. Carpenter, his wife; E. M. Stires, his brother-in-law; J. H. Carpenter, his brother; and Francis R. Mayer, his brother’s business partner and his own personal friend, did not hold the same amount of stock or even any stock in all of the eight corporations, but we are convinced that under the facts in this case that was not necessary.
All of these five persons joined in the several corporate enterprises here under consideration as joint adventurers and promoters of each and all of the corporate entities created by them. They are jointly and separately the same interests. The Board said in the Appeal of Rishell Phonograph Co., 2 B. T. A. 229:
When Congress said “ controlled by the same interests,” we believe it meant something broader than versons or individuals. If “ the same interests ” was intended to mean only “ the same persons,” it would have been easy for Congress, by using the latter term, to have avoided all ambiguity. When two persons are guided in their action by a common interest (in the objective sense), they frequently constitute a single interest (in the subjective sense).
The Board said in the Appeal of Germantown Braid Co., 3 B. T. A. 1336:
The “ same interests ” does not necessarily mean the same individuals. The relationship between the individuals and the facts and circumstances of the case should be considered in determining whether different individuals are in fact the “same interests.” Family groups owning stock in different corporations, under the circumstances of this case, may fairly be said to be the same interests.
*223 In that case the percentages of stockholdings of the individuals varied in the two corporations involved. See also Appeal of Wright Cake Co., 2 B. T. A. 58.
Upon all of the facts contained in the record of these two actions, we are convinced that the M. S. C. Holding Corporation, 960 Park Avenue Co., Inc., 907 Fifth Avenue Co., Inc., C. C. Corporation, 550 Park Avenue Corporation, K. T. B. Realty Corporation, and 630 Park Ave. Co., Inc., are corporations substantially all of whose stock is owned and controlled by the same interests and, therefore, are entitled, under the provisions of section 240 of the Revenue Act of 1918, to make consolidated returns for purposes of income and profits tax and to have their tax liability determined upon the basis of such consolidated returns for each of the years 1918,1919, and 1920.
Respecting the corporation known as 115 Incorporated, the situation is somewhat different. There here appears to be a substantial minority interest sufficient to distinguish it from the other corporations here under consideration, and we are of the opinion that the income and profits tax liability of 115 Incorporated for the year 1920 must be determined upon the basis of its invested capital and income and that it is not affiliated with any other corporation.
The deficiencies may be redetermined in accordance with the foregoing findings of fact and opinion upon 15 days’ notice, pursuant to Rule 50, and judgment will be entered accordingly.
Phillips and MuRdock dissent.